■ RICHARD POLONETSKY, Respondent, v AMERICAN BROADCASTING COMPANIES, INC., et al., Defendants, and HARVARD MAINTENANCE INC., Appellant. [731 NYS2d 23] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered June 4, 2001, which, *inter alia*, denied defendant Harvard Maintenance Inc.'s motion to compel plaintiff to produce the name of his girlfriend at the time of the subject accident, unanimously modified, on the law, the facts and in the exercise of discretion, to direct plaintiff to furnish said defendant with an employment authorization and, except as thus modified, affirmed, without costs or disbursements.

This action arises out of a slip and fall that occurred on the lobby floor of 320 West 66th Street, allegedly just after defendant Harvard Maintenance Inc. had finished waxing the floor. Plaintiff seeks recovery for personal injuries including psychological damage and an inability to resume gainful employment. At his deposition, plaintiff blamed the accident for the breakup of his relationship with his girlfriend as well as numerous other problems, including depression, anxiety and feelings of uselessness. Harvard thereupon demanded the identity of plaintiff's girlfriend. In response, plaintiff, in a so-ordered stipulation, withdrew his claim for damages based on the loss of the relationship. Harvard moved to compel discovery of the identity of the girlfriend and, having learned that plaintiff had returned to work, also sought an employment authorization and a further deposition of plaintiff. The motion court denied the motion in its entirety.

Given the withdrawal of any claim based on the breakup of the relationship, we find no improvident exercise of discretion in the denial of the motion insofar as it sought the identity of plaintiff's girlfriend. No showing has been made as to the necessity of disclosure of her identity as a fact witness to any other aspect of the case. On the other hand, given plaintiff's failure for nearly a year to notify defendant of his changed employment status, as he was obligated to do in light of his claim of being work disabled, plaintiff should provide an employment authorization. The motion court denied such relief on the ground that defendant's application was untimely. Defendant should not be penalized for first seeking such relief in its reply papers when it only learned of the change after it had moved to compel discovery. A further deposition of plaintiff, however, does not, at this juncture, seem necessary by virtue of the change in employment status. Concur—Sullivan, P. J., Mazzarelli, Ellerin, Wallach and Lerner, JJ.